ON MOTION FOR REHEARING

WEBSTER, J.
We grant the motion for rehearing filed by the claimant/appellee to the extent that we withdraw our previous opinion and substitute in its place what follows. In all other respects, that motion is denied.
In this workers’ compensation case, the employer and carrier seek review of an order directing them to pay a fee to the claimant’s attorney. The judge of compensation claims found that the claimant’s attorney was entitled to a fee award pursuant to section 440.34(3)(b), Florida Statutes (Supp.1994), because he had secured permanent total disability benefits. Having carefully reviewed the record, we conclude that there is no competent substantial evidence to support a finding that the claimant’s attorney secured any benefits. Accordingly, we reverse.
The claimant sustained a work-related injury on January 31, 1995. The employer and carrier paid temporary total disability benefits from February 8, 1995, until April 8, 1998. On June 13, 1998, two days after learning for the first time that one of the claimant’s treating physicians had concluded approximately two weeks earlier that the claimant had reached maximum medical improvement on April 8, 1998, the employer and carrier accepted the claimant as permanently and totally disabled as of that date. The claimant’s attorney maintains that he is entitled to a fee award *146 because he had filed a- petition for benefits on August 11, 1997, seeking permanent total disability benefits from an earlier date. The judge of compensation claims found that the employer and carrier should have accepted the claimant as permanently and totally disabled no later than February 7, 1997, and, accordingly, granted the request for a fee.
We are unable to find in the record any evidence to support the finding that the employer and carrier should have accepted the claimant as permanently and totally disabled prior to the date as of which it did so. Accordingly, there is no evidence to support the further finding that the claimant’s attorney secured any benefit. The order awarding a fee to the claimant’s attorney must, therefore, be reversed.
REVERSED.
KAHN and PADOVANO, JJ., CONCUR.